NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5026

JABARI ZAKIYA,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Jabari Zakiya, of Washington, DC, pro se.

Michael J. Dierberg, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Brian M. Simkin, Assistant Director.

Appealed from:  United States Court of Federal Claims

Judge Emily C. Hewitt

# United States Court of Appeals for the Federal Circuit

2008-5026

JABARI ZAKIYA,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 07-CV-323, Judge Emily C. Hewitt.

_____

DECIDED:    May 6, 2008

_____

Before RADER, DYK, and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

Plaintiff-Appellant Jabari Zakiya appeals from an order of the Court of Federal Claims dismissing, for lack of subject matter jurisdiction, his suit against the United States for money damages for unjust imprisonment. Because we conclude that Zakiya did not file his claim within the six-year statute of limitations, which constitutes a jurisdictional limitation, the determination of the Court of Federal Claims is <u>affirmed</u>.

BACKGROUND

Zakiya was convicted of tax evasion and failing to file income tax returns in the District Court for the District of Maryland, and, on February 18, 1994, was sentenced by that court to imprisonment for a term of sixteen months, in addition to a three-year period of supervised release, a fine of $25,000, and a special assessment. Based on the date upon which Zakiya self-reported to serve his sentence, the term of

imprisonment under his sentence ended on May 5, 1996, and his administrative release date with full good time credit was more than two months earlier, on February 29, 1996. Zakiya was not released as of February 29, 1996, however, because he refused to sign an agreement to pay the fine imposed as part of his sentence, as required as a condition of supervised release pursuant to 18 U.S.C. § 3624(e). Because he continued to refuse to sign the agreement, Zakiya remained confined beyond the end of his sentence of imprisonment in May 1996.

Zakiya brought a series of petitions seeking writs of habeas corpus and mandamus from various courts. Ultimately, on May 4, 1999, the District Court for the Eastern District of Virginia granted Zakiya a writ of habeas corpus and directed the Federal Bureau of Prisons to release Zakiya forthwith. Zakiya v. Reno, 52 F. Supp. 2d 629, 638 (E.D. Va. 1999). The district court determined that Zakiya's petition was properly characterized as asserting a challenge, pursuant to 28 U.S.C. § 2241, as to the legality of his detention after the expiration of his sentence, rather than a challenge to the legality of his conviction and sentence pursuant to 28 U.S.C. § 2224 or 2225. The district court reasoned that section 3624(e) could not, consistent with the Constitution, be interpreted to allow the executive branch (that is, the Bureau of Prisons) to detain Zakiya beyond the end of the judicially imposed sentence of incarceration, citing concerns as to separation of powers. Pursuant to the district court's order, Zakiya alleges that he was released from the custody of the Bureau of Prisons on May 5, 1999.

Zakiya initiated the present action on May 24, 2007, by filing a complaint in the Court of Federal Claims seeking money damages for his detention between February 29, 1996, and May 5, 1999. The Court of Federal Claims dismissed Zakiya's complaint

for lack of subject matter jurisdiction, concluding that it suffered from two fatal jurisdictional defects. First, the Court of Federal Claims concluded that Zakiya's complaint was barred by the applicable statute of limitations, 28 U.S.C. § 2501, which provides that any claim otherwise within the jurisdiction of the Court of Federal Claims must be "filed within six years after such claim first accrues." The Court of Federal Claims concluded that Zakiya's complaint was filed more than six years after his release from incarceration, which the court determined was the last possible date upon which his claim could have accrued.

Second, the Court of Federal Claims concluded that it also lacked jurisdiction because Zakiya had failed to make the minimum factual allegations necessary to invoke the Court of Federal Claims's jurisdiction pursuant to the two statutory provisions authorizing a claim for money damages for unjust imprisonment, 28 U.S.C. §§ 1495 and 2513. The court concluded that Zakiya had not alleged, and could not allege, that his conviction had been reversed or set aside because he was not guilty or because he was innocent and unjustly convicted.

Zakiya timely appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

DISCUSSION

We conclude that Zakiya's claim is barred by 28 U.S.C. § 2501 because it was filed more than six years after Zakiya was released from incarceration. As the Supreme Court's recent opinion in John R. Sand & Gravel Co. v. United States, 128 S. Ct. 750 (2008), explained, section 2501 imposes a jurisdictional requirement. Id. at 753-54. Despite Zakiya's contrary argument, the Court of Federal Claims was obligated to

address the limitations issue sua sponte, even though the issue was not raised by the government. Id. at 752.

Zakiya also argues that the Court of Federal Claims failed to offer him an adequate opportunity to respond to the statute of limitations issue before dismissing his complaint sua sponte, and that if afforded a greater opportunity to respond, he would have established that he would be entitled to equitable tolling because he "had pursued timely civil litigation in the federal courts . . . [and] was barred from simultaneously pursuing a claim under 2513." Appellant's Reply to Appellee's Informal Br. at 2[*] Although delay caused by a defective filing in another court has often been recognized as a proper ground for equitable tolling of a limitations period, even as against the United States, in other contexts, see, e.g., Irwin v. Department of Veterans Affairs, 498 U.S. 89, 95-96, it is now clearly established that the limitations period imposed by section 2501 is jurisdictional, making equitable tolling unavailable as a matter of law. See John R. Sand & Gravel Co., 128 S. Ct. at 753-53. Accordingly, Zakiya could not have prevailed on equitable tolling regardless of any evidence of ongoing civil litigation that he might have produced. We conclude that Zakiya's claim is time-barred, and we need not reach the Court of Federal Claims's alternative ground for dismissal.

For this reason, the determination of the Court of Federal Claims is affirmed.

No costs.

---

[*] It appears that in this regard, Zakiya is referring to an action he filed against the United States and a series of individual defendants seeking money damages under the Federal Tort Claims Act and under the theory of Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), for his allegedly improper confinement. The last of these claims were dismissed by the District Court for the Northern District of West Virginia in 2005, Zakiya v. United States, No. CIV A 1:04CV38 (N.D. W. Va. Mar. 18, 2005).